IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| GEORGIA GREEN, #302-112<br>　　　Plaintiff<br><br>　　　v.<br><br>ELLEN SMITH,<br>　　　Defendant | *<br><br>*<br><br>CIVIL ACTION NO.  PJM-07-523<br>*<br><br>* |

*******

## MEMORANDUM OPINION

Seeking unspecified damages, Plaintiff, an inmate presently incarcerated in the Maryland Correctional Adjustment Center, filed suit against Ellen Smith, a law clerk working for the Prisoner Rights Information Services Management, Inc. ("PRISM"). Plaintiff alleges that he mailed documents to PRISM which were disregarded. Paper No. 1. Because he appears to be indigent, Plaintiff shall be granted leave to file *in forma pauperis*, without prepayment of filing fees or costs, pursuant to 28 U.S.C. § 1915(a).

Essential to sustaining an action under § 1983 are the presence of two elements. Specifically, Plaintiff must demonstrate that: (1) he suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). Because there is no allegation that Defendant or her employer, PRISM, a private corporation, were acting under color of law the complaint shall be dismissed. *See Polk County v. Dodson*, 454 U.S. 312 (1981); *Hall v. Quillen*, 631 F.2d 1154 (4th Cir. 1980).     Even if this Court were to assume that PRISM was a State entity and its staff were responsible for legal malpractice in their failure to assist Plaintiff, his lawsuit constitutes, at most, a tort action in negligence. Such

a claim does not constitute a constitutional or federal statutory violation, and thus cannot be brought in this Court pursuant to the Civil Rights Act. *See Daniels v. Williams*, 474 U.S. 327 (1986). Accordingly, Plaintiff's action must be dismissed, without requiring service of process upon, or a response from, the named Defendant.

Plaintiff is hereby notified that he may be barred from filing future suits *in forma pauperis* if he continues to file federal civil rights actions that are subject to dismissal as frivolous or malicious or for failure to state a claim on which relief may be granted under 28 U.S.C. §1915(e) or under F.R.Civ.P. 12(b)(6).[1]

A separate Order shall be entered in accordance with the foregoing.

                                                                  /s/
                                                        PETER J. MESSITTE

March 26, 2007                                      UNITED STATES DISTRICT JUDGE

---

[1] *See Departments of Commerce, Justice, and State, the Judiciary, and Related Agencies Appropriations Act of 1996*, § 804(d), which amends 28 U.S.C. § 1915 to include subsection (g):

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

As the Court interprets this provision of the Act (the relevant portions of which are also known as the "Prison Litigation Reform Act" or "PLRA"), once three such dismissals under § 1915(e) or Rule 12(b)(6) of the Federal Rules of Civil Procedure have been accumulated, a prisoner will be barred from initiating further civil actions *in forma pauperis*, absent extraordinary circumstances.